# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES LLC and LEHMAN BROTHERS BANK, FSB, n/k/a AURORA BANK FSB<br><br>  Plaintiffs,<br>vs.<br><br>DENNIS RANDALL GRAY,<br>  Defendant. | CASE NO. 10CV1555 JLS (BLM)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO MODIFY SCHEDULING ORDER TO ALLOW PLAINTIFFS TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 29) |

Presently before the Court is Plaintiffs Aurora Loan Services, LLC and Lehman Brothers Bank, FSB, n/k/a Aurora Bank FSB's motion for leave to modify scheduling order to allow Plaintiffs to file motion for summary judgment. (Mot. for Leave, ECF No. 29) Also before the Court are Defendant Dennis Randall Gray's ("Defendant") response in opposition, (Resp. in Opp'n, ECF No. 33), and Plaintiffs' reply in support, (Reply in Supp., ECF No. 35). The motion hearing set for April 26, 2012, is **HEREBY VACATED**, and the matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiffs' motion, with reservations.

Federal Rule of Civil Procedure 16 requires that any party seeking to modify a scheduling order show "good cause" for why the Court should set aside or extend a deadline. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992)

1  (citing, *inter alia*, Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) ("[T]he court
2  may modify the schedule on a showing of good cause if it cannot reasonably be met despite the
3  diligence of the party seeking the extension.")); *see also Kuschner v. Nationwide Credit, Inc.*, 256
4  F.R.D. 684, 687 (E.D. Cal. 2009) ("Good cause may be found to exist where the moving party
5  shows . . . that it was diligent in seeking an amendment once it became apparent that the party
6  could not comply with the scheduling order."). "If the party seeking the modification 'was not
7  diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S.*
8  *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

9      Here, Plaintiffs seek to extend the December 30, 2011, pretrial motion cutoff date in order
10  to file a motion for summary judgment.  Plaintiffs' only justification for the delay in filing is their
11  "belief that this matter could be resolved at the settlement conference on January 5, 2012."  (Mot.
12  for Leave 2, ECF No. 29)  This excuse does not amount to good cause, however.  The date of the
13  settlement conference was set at the same time as the pretrial motion deadline, (Scheduling Order,
14  ECF No. 21), and nothing precluded Plaintiffs from requesting a modification of the scheduling
15  order *before* the deadline had passed.

16      Plaintiffs assert that there is good cause for the extension of time "because the motion is
17  likely to resolve this case without the need for trial."  (Mot. for Leave 3, ECF No. 29)  While the
18  Court agrees that it is in the interests of judicial economy to consider Plaintiffs' motion for
19  summary judgment prior to setting this matter for trial, the fact that this case may be resolved on
20  summary judgment does not speak to the relevant good cause inquiry here—namely, Plaintiffs'
21  diligence.  Nevertheless, because Plaintiffs promptly sought leave to file their belated motion after
22  the case failed to settle, and because it is more efficient to narrow the issues before trial via a
23  motion for summary judgment, the Court **GRANTS** Plaintiffs' motion.  Plaintiffs are advised,
24  however, that any future failures to comply with Magistrate Judge Major's or this Court's Orders
25  may result in sanctions.

26      The Court **HEREBY ORDERS** that Plaintiffs' motion for summary judgment—which is
27  attached as Exhibit A to the instant motion—be filed.  The Court **HEREBY SETS** the hearing
28  date on Plaintiffs' motion for summary judgment for Thursday, May 31, 2012, at 1:30pm.

1  Defendant **SHALL FILE** an opposition <u>on or before April 19, 2012</u>. Plaintiffs, if they wish,

2  **SHALL FILE** a reply <u>on or before April 26, 2012</u>. The April 26, 2012, Pretrial Conference is

3  **HEREBY VACATED** and will be reset, if necessary, after the Court issues an Order on

4  Plaintiffs' motion for summary judgment.

5      **IT IS SO ORDERED**.

7  DATED: March 14, 2012

8                                      Honorable Janis L. Sammartino
United States District Judge